**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VICTORIA H., | Case No. 2:24-cv-00092-NJK |
| Plaintiff, | **Order** |
| v. | |
| LELAND C. DUDEK, | |
| Defendant. | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability and disability insurance benefits pursuant to Title II of the Social Security Act. Currently before the Court are Plaintiff's motions to reverse and remand.[1] Docket Nos. 20, 21. The Commissioner filed a responsive brief. Docket No. 24. Plaintiff did not file a reply. *See* Docket. The parties consent to resolution of this matter by the undersigned magistrate judge. Docket No. 1; *see also* Gen. Order. 2023-12.

**I.   STANDARDS**

   A.   Judicial Standard of Review

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action...brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing

---

[1] For reasons unknown to the Court, Plaintiff filed two opening briefs. Docket Nos. 20, 21. As the briefs combined are below the page limit, *see* Local Rule 7-3, the Court will consider all issues presented in both briefs.

the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id*.

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id*. To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 139 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the Administrative Law Judge ("ALJ") to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B. Benefits Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected...to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence does not establish a significant limitation of an individual's ability to work. *See* 20 C.F.R. §§ 404.1521, 404.1522. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not

disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. Social Security Rulings ("SSRs") 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. SSR 16-3p. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565. If the individual has the residual

functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g). If the individual is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.   BACKGROUND

### A.   Procedural History

On April 29, 2021, Plaintiff filed an application for disability and disability insurance benefits with an alleged onset date of June 18, 2020. *See, e.g.*, Administrative Record ("A.R.") 780-781. Plaintiff's application was denied initially and again on reconsideration. A.R. 668-686. Plaintiff filed a request for a hearing before an administrative law judge. A.R. 708-710. On January 24, 2023, Plaintiff, Plaintiff's representative, and a vocational expert ("VE") appeared for a hearing before ALJ Donald Colpitts. *See* A.R. 33-51. On March 6, 2023, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability through the date of the decision. A.R. 15-28. The Appeals Council denied Plaintiff's request for review. A.R. 1-4. On January 11, 2024, Plaintiff commenced suit seeking judicial review. Docket No. 1.

### B.   The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a).[2] A.R. 19-32. At step one, the ALJ found that Plaintiff met the insured

---

[2] The five-step process is largely the same for both Title II and Title XVI claims. For a Title II claim, however, a claimant must also meet insurance requirements. 20 C.F.R. § 404.130. The ALJ found that Plaintiff met the insured status requirement through December 31, 2025. A.R. 20.

status requirements through December 31, 2025, and had not engaged in substantial gainful activity since the alleged onset date. A.R. 20. At step two, the ALJ found that Plaintiff had the following severe impairments: congenital heart disease and cardiac dysrhythmia. A.R. 20-22. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. A.R. 22. The ALJ found that Plaintiff has the RFC

> to perform light work as defined in 20 CFR 404.1567(b) except [Plaintiff] is able to occasionally climb ramps and stairs. [Plaintiff] never climb ropes, ladders, or scaffolds. She is able to frequently stoop, kneel, crouch, and occasionally crawl. [Plaintiff] should avoid unprotected heights, heavy machinery, and extreme heat.

A.R. 22-27. At step four, the ALJ found that Plaintiff is capable of performing past relevant work ("PRW") as a hospital admitting clerk. A.R. 27-28. Based on all of these findings, the ALJ found Plaintiff not disabled from the alleged onset date to the date of the decision. A.R. 28.

### III.    ANALYSIS

Plaintiff submits that the ALJ's decision is not supported by substantial evidence and fails to properly apply Social Security regulations. Docket No. 20 at 2. Plaintiff submits that the ALJ failed "to consider the overwhelming impact of Plaintiff's condition on her ability to work." Docket No. 21 at 2. Specifically, Plaintiff submits that the ALJ's decision failed to account for the medical evidence, Plaintiff's subjective symptoms, and the "cumulative effect of Plaintiff's impairments on her ability to the meet the physical and mental demands of work." *Id*. at 4. The Commissioner responds that the ALJ's decision is supported by substantial evidence. Docket No. 24 at 2.[3]

#### A.    Criteria of an Impairment

Plaintiff submits that she is in "clear alignment" with Listing 4.06, Symptomatic congenital heart disease. Docket No. 21 at 5. Plaintiff does not argue any of the specifics of this listing, stating only that "Plaintiff's lifelong diagnosis, surgical history, and persistent symptoms meet these criteria." *Id*. In order to meet Listing 4.06, Plaintiff has to show one of the following:

---

[3] The Commissioner submitted a barebones briefing that is lacking in analysis and citations. The Court expects better.

> A. Cyanosis at rest, and:
> 1. Hematocrit of 55 percent or greater; or
> 2. Arterial O2 saturation of less than 90 percent in room air, or resting arterial PO2 of 60 Torr or less.
> OR
> B. Intermittent right-to-left shunting resulting in cyanosis on exertion (e.g., Eisenmenger's physiology) and with arterial PO2 of 60 Torr or less at a workload equivalent to 5 METs or less.
> OR
> C. Secondary pulmonary vascular obstructive disease with pulmonary arterial systolic pressure elevated to at least 70 percent of the systemic arterial systolic pressure.

20 C.F.R. Part 404, Subpt. P. App. 1 § 4.06(A).

At step three, the ALJ determines whether "a claimant's impairment meets or equals an impairment listed in [20 C.F.R. part 404, subpart P, appendix 1]." *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). The Listing of Impairments describes specific impairments of each of the major body systems "which are considered severe enough to prevent a person from doing any gainful activity." *Id*. (citing 20 C.F.R. § 404.1525); *see* 20 C.F.R. § 416.925(a). If a claimant meets or equals a listed impairment, she will be found disabled at this step without further inquiry. *Id*. (citing 20 C.F.R. § 404.1520(d)); *see* 20 C.F.R. § 416.920(d).

A claimant bears the burden of proving that her impairments satisfy all the criteria of a particular listing. *Id*. "For a claimant to show that [her] impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). If a claimant's impairment or combination of impairments meets or exceeds a "listing," no specific finding is necessary as to the claimant's ability to perform their past relevant work or any other jobs. 20 C.F.R. § 416.920(d).

Here, the ALJ concluded that Plaintiff does not meet the criteria of Listing 4.06. Docket A.R. 22. Specifically, the ALJ found that Plaintiff does not have cyanosis at rest with hematocrit of 55 percent or greater, or arterial oxygen saturation of less than 90 percent in room air or resting arterial PO2 of 60 Torr or less. *Id*. The ALJ further found that Plaintiff does not have intermittent right-to-left shunting resulting in cyanosis on exertion with arterial PO2 of 60 Torr or less at a workload equivalent to 5 METs or less. *Id*. Finally, the ALJ found that Plaintiff does not have secondary pulmonary vascular obstructive disease with pulmonary arterial systolic pressure

elevated to at least 70 percent of the systemic arterial systolic pressure. *Id*. The ALJ determined that Plaintiff did not meet the criteria because the record did not contain the required test scores. *Id*. Plaintiff does not offer any specific evidence to show that she meets this listing and has, therefore, failed to establish that her conditions are equal to those described in Listing 4.06.

### B. Residual Functional Capacity

"[R]esidual functional capacity is the most [Plaintiff] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC determination considers all medically determinable impairments, including those that are not severe. *Id*. at §§ 404.1545(a), 416.945(a). The RFC assessment must consider all evidence in the record and "contain a thorough discussion of the objective medical and other evidence." *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017) (citing Social Security Ruling 96-8p, 61 Fed. Reg 34474, 34478 (July 2, 1996)). "The RFC is an administrative assessment of the extent to which an individual's medically determinable impairments...may affect his or her capacity to do work-related physical and mental activities." *Id*. (quoting SSR 96-8p, 61 Fed. Reg at 34475). "[A]t the administrative law judge hearing level...the administrative law judge...is responsible for assessing [Plaintiff's] residual functional capacity." 20 C.F.R. §§ 404.1546(c), 416.946(c). The residual functional capacity determination does not need to copy the exact opinion of any particular doctor, but "the ALJ is responsible for translating and incorporating clinical findings into a succinct" residual functional capacity. *Rounds v. Commissioner*, 795 F.3d 1177, 1185-86 (9th Cir. 2015), *as amended*, 807 F.3d 996, 1005-06 (9th Cir. 2015).

#### a. The ALJ's Evaluation of Medical Evidence

When evaluating medical evidence, an ALJ cannot "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R § 404.1520c(a). The ALJ must "articulate how [he] considered the medical opinions and prior administrative medical findings" based on certain specified factors. *Id*. The most important factors are supportability and consistency, which the ALJ must address. 20 C.F.R. § 404.1520c(b). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant...objective medical evidence.' Consistency means the extent

to which a medical opinion is 'consistent...with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022) (quoting 20 C.F.R. §§ 404.1520c(c)(1) & (c)(2)).

Plaintiff submits that the ALJ improperly evaluated her RFC. Docket No. 20 at 3. Specifically, Plaintiff submits that "the ALJ concluded that Plaintiff could perform sedentary work; however, this finding is unsupported by the medical evidence." *Id*. Plaintiff submits that her "history of five open-heart surgeries and reliance on cardiac devices and medication demonstrates the severity and persistence of her impairments." Docket No. 21 at 4. The Commissioner submits that the ALJ found most of the medical opinions and prior administrative medical findings persuasive because they were consistent with and supported by the record, and that these opinions and findings provide support for the ALJ's assessment of Plaintiff's RFC. Docket No. 24 at 3. The Commissioner further submits that Plaintiff brings no challenge to any of the ALJ's specific analysis, or the evidence supporting it, and instead "presents her own explanation of her medical history." *Id*.

Plaintiff submits that her treating physician "detailed that her condition causes extreme fatigue, frequent episodes of syncope and an inability to sustain physical tasks for prolonged periods." Docket No. 20 at 3. Plaintiff submits that the ALJ failed to give proper weight to the treating physician's opinion. *Id*. The Commissioner submits that the ALJ "found most of the medical opinions … persuasive because they were consistent with and supported by the record." Docket No. 24 at 3. Plaintiff provides no example of the ALJ's failure to give proper weight to her doctor's opinion, or where the physician detailed her extreme fatigue, syncope, or her inability to sustain physical tasks for prolonged periods. Instead, the ALJ summarized Dr. Ricardo Samson's findings and concluded that his opinion was persuasive. A.R. 27. Specifically, the ALJ found that Samson's opinion that Plaintiff can perform a range of work similar to a medium exertional level, that she "is able to perform both low stress and high stress jobs," and that "she is doing well and stable with no need of intervention" was consistent with the record and supported by his treatment history with Plaintiff. *Id*.; *see also* A.R. 1117-1123. For example, Plaintiff generally presented largely unremarkable cardiovascular examinations with normal heart rate

sounds, rate, and rhythm. A.R. 27; *see also* A.R. 970, 977. Plaintiff also presented normal oxygen saturation rates. A.R. 1056. The ALJ noted that, while Plaintiff reported intermittent dizziness and weakness after her defibrillator was resolved, these issues resolved with treatment. A.R. 27; *see also* A.R. 967-968, 982-984. Samson's treatment notes showed that Plaintiff generally denied weakness, dizziness, and chest pain. A.R. 1022-2023, 1045. Plaintiff has not provided a basis for the Court to conclude that the ALJ failed to give proper weight to her treating physician. *Cf. Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (social security appellants bear the burden of establishing error). The Court therefore finds that the ALJ's RFC determination is supported by substantial evidence.

### b. The ALJ's Evaluation of Plaintiff's Testimony

Credibility and similar determinations are quintessential functions of the judge observing witness testimony, so reviewing courts generally give deference to such assessments. *See, e.g., Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986). In the Social Security context, "[t]he ALJ is responsible for determining credibility." *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995). An ALJ's assessment of a claimant's testimony is generally afforded "great weight" by a reviewing court. *See, e.g., Gontes v. Astrue*, 913 F. Supp. 2d 913, 917-18 (C.D. Cal. 2012) (citing *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Circ. 1989) and *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985)). If an ALJ's determination to discount a claimant's testimony is supported by substantial evidence, a court should not second-guess that determination. *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).[4]

The ALJ is required to engage in a two-step analysis to evaluate a claimant's testimony as to pain and other symptoms: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and (2) if so, whether the intensity and persistence of those symptoms limit that individual's ability to perform work-related activities. *See* Social Security Ruling 16-3p,

---

[4] The regulations previously asked the ALJ to assess "credibility." Social Security Ruling 96-7p. The current regulations require the ALJ to instead "evaluate" the claimant's statements. Social Security Ruling 16-3p. This change does not alter the deferential nature of the Court's review.

2017 WL 5180304. In the absence of evidence of malingering, an ALJ may only reject a claimant's testimony about the severity of symptoms by giving specific, clear, and convincing reasons. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). Factors that an ALJ may consider include inconsistent daily activities, an inconsistent treatment history, and other factors concerning the claimant's functional limitations. *See* Social Security Ruling 16-3p, 2017 WL 5180304.

Here, the ALJ determined that Plaintiff had congenital heart disease and cardiac dysrhythmia. A.R. 20. Although the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, the ALJ concluded that Plaintiff's testimony concerning the intensity, persistence, and limiting effects of the symptoms was not entirely consistent with the medical evidence and other evidence in the records. A.R. 23. Therefore, the ALJ discounted the credibility of Plaintiff's testimony regarding the intensity, persistence, and limiting effects of her symptoms. As no evidence of malingering exists in the record, the ALJ was required to provide specific, clear, and convincing reasons for rejecting Plaintiff's testimony based on a consideration of the entire case record, including Plaintiff's testimony at the hearing.

The ALJ stated:

> [Plaintiff] alleged that she is unable to work due to chest discomfort from her cardiovascular conditions. Specifically, she complained of significant fluctuations in heart rate. She reported that her heart races for no reason and others time her pulse is slow. She stated that she experienced sleep disturbances due to her heart racing. She revealed that she is able to perform simple chores and personal care at her own pace. She estimated that she is able to walk for two blocks, at a time, and lift 10 pounds. She also reported that she experienced medication side effects which also may cause slow heart rate. She testified that she must do jumping jacks to match her heart rate or rest. She described that these events happen a few times a month. She indicated, in the checklist portion of her function report, that she has difficulty lifting and stair climbing.

A.R. 23.

Plaintiff submits that the ALJ "failed to give proper weight to Plaintiff's testimony regarding fatigue, shortness of breath, and inability to sustain activity contrary to SSR 16-3p." Docket No. 21 at 4. The Commissioner submits that the ALJ properly discounted Plaintiff's

statements because of the medical evidence comprised of conservative treatment, largely unremarkable cardiovascular examinations, and routinely intact examination findings. Docket No. 24 at 3. The Commissioner also submits that there is medical evidence that some of Plaintiff's allegedly disability symptoms resolved with treatment, and her allegations conflicted with her daily activities. *Id*.

In discounting Plaintiff's credibility, the ALJ found that the record shows that Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, but not to the extent alleged by Plaintiff. A.R. 23. The ALJ based this finding on the record of evidence, which did not support the degree of limitations alleged. *Id*. The Court finds that the ALJ properly considered the objective medical evidence in the record when discounting Plaintiff's symptom testimony. "When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022). Further, when discounting Plaintiff's symptom testimony, "the 'clear and convincing' standard requires the ALJ to show his work." *Id*. at 499. "The standard isn't whether [the C]ourt is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Id*. The ALJ does not need to recite "magic words." *Magallanes v. Bowen,* 881 F.2d 747, 755 (9th Cir.1989) ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion").

Here, the ALJ pointed to specific evidence in the record that contradicted Plaintiff's symptom testimony. For example, Plaintiff generally had normal heart sounds, rate, and rhythm. A.R. 24; *see also* A.R. 970, 973, 977, 1026, 1048, 1050, 1056. Plaintiff's treatment notes documented that she had an ejection fraction score of 70%, which was found to demonstrate satisfactory ventricle function. A.R. 24; *see also* A.R. 1056. Plaintiff also presented oxygen saturation rates as high as 97 to 100% percent on room air, which is within the normal range. A.R. 24; *see also* A.R. 948, 990, 1020, 1056. The ALJ reasoned that, while there were positive findings to support Plaintiff's alleged limitations, the overall record did not support a conclusion that her chest discomfort is so severe that it precludes all work as the evidence suggests that her cardiovascular functioning is largely intact. A.R. 25. The Court, therefore, finds that it was

reasonable for the ALJ to reference the inconsistencies between Plaintiff's subjective symptom testimony and the objective evidence in the record when discounting her testimony.

### i. Daily Activities

The Commissioner submits that the ALJ also determined that Plaintiff's subjective allegations conflicted with her daily activities. Docket No. 24 at 3. In general, an ALJ may consider a claimant's daily activities in determining credibility. *See* 20 C.F.R. §§ 404.1529(a), (c)(3)(i)(activities of daily living are relevant to the credibility determination); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Even if the claimant experiences some difficulty or pain, her daily activities "may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022)

Here, the ALJ discounted Plaintiff's testimony based on the record of evidence, most notably her own statements. A.R. 25. Plaintiff reported that she is limited to walking two blocks; however, she told her treating physician that "she is active" and "is on her feet most of the day." A.R. 25; *see also* A.R. 1122. This conflicts with Plaintiff's testimony that she requires frequent rest periods. A.R. 42. Plaintiff also testified that she can shop in stores, perform personal care, simple chores, and travel around by walking or driving. A.R. 45, 823-826. Lastly, the ALJ noted that Plaintiff revealed that she remains active in recreational dancing, has no complaints of easy fatigability or exercise intolerance, and has stated that "overall, she is feeling well." A.R. 25; *see also* A.R. 56, 84, 95, 113, 1068. Due to the evidence of daily activities, the ALJ concluded that Plaintiff can function at a level much higher than what she alleged. A.R. 25.

It is not the Court's role to "second-guess" an ALJ's reasonable interpretation of a claimant's testimony. *Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022) (internal citations omittied); *see also Thomas*, 278 F.3d at 959 (affirming an ALJ's decision discounting a claimant's testimony after finding that the claimant "was able to perform various household chores such as cooking, laundry, washing dishes, and shopping"). The Court finds that the ALJ's findings regarding Plaintiff's daily activities are supported by substantial evidence.

ii. Medical Treatment

Plaintiff submits that she has undergone five open-heart surgeries, and that she is currently taking Digoxin and Sotalol. Docket No. 20 at 2. Plaintiff submits that, "despite these interventions, [she] continues to suffer from severe fatigue, shortness of breath, and cyanosis. *Id*. The Commissioner submits that some of Plaintiff's "allegedly disabling symptoms resolved with treatment." Docket No. 24 at 3.

An ALJ should consider the frequency, type, and effectiveness of treatment in weighing the claimant's allegations. 20 C.F.R. § 416.929(c)(iv)-(v). An ALJ is permitted to discount a claimant's testimony based on the effectiveness of treatment. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999); *see also Warren v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for purposes of determining eligibility for SSI benefits"). Such evidence of medical treatment successfully relieving symptoms can undermine a claim of disability. *See* 20 C.F.R. §§ 404.1520a(c)(1), 416.920a(c)(1). The conservative nature of treatment is a sufficient basis for discounting a claimant's testimony. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).

Here, the ALJ noted that, while Plaintiff reported intermittent dizziness and weakness after her defibrillator was removed, these issues resolved with treatment. A.R. 25; *see also* A.R. 982. Plaintiff testified that she does not currently have a defibrillator or pacemaker. A.R. 25, 38. Aside from a history of surgical interventions on her heart, a pulmonary valve replacement, an infection of the pacemaker pocket, and an emergency room visit following a night of binge drinking, Plaintiff has not had other ongoing hospitalizations or surgeries. A.R. 24-25; *see also* A.R. 900, 906, 1110, 1062. Plaintiff's treatment notes show that she is doing well, that she has no complaints, that she is compliant with her medications, and that she follows up with her cardiologist yearly. A.R. 1107, 1110, 1122.

Further, the ALJ factored in Plaintiff's pursuit of treatment to support her allegations. A.R. 24. For example, considering the combined limiting effects of Plaintiff's cardiovascular conditions, the ALJ concluded that the evidence of fluctuations in Plaintiff's blood pressure and

her surgical history warranted exertional, postural, and environmental limitations. *Id*. at 27. The ALJ then concluded that Plaintiff's RFC was limited to light work with additional restrictions to account for all of Plaintiff's limitations. *Id*. Viewing the record in this case, the Court finds that the ALJ's finding with respect to Plaintiff's course of treatment is supported by substantial evidence notwithstanding the existence of evidence that could potentially support a contrary finding. Plaintiff's argument is simply a request for the Court to reweigh the medical evidence, which it cannot do. *Tommasetti*, 533 F.3d at 1038 (the court will uphold the ALJ's conclusion where the evidence is susceptible to more than one rational interpretation).

The ALJ gave specific, clear, and convincing reasons for discounting Plaintiff's testimony based on these findings.

### C. Vocational Finding

At step five, the burden shifts to the Commissioner to determine whether a person with the claimant's limitations, age, education, and experience can perform occupations that "exist in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(1); *Wischmann v. Kijakazi*, 68 F.4th 498, 504 (9th Cir. 2023). A VE provides testimony that aids the ALJ in this determination. *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1192 (9th Cir. 2022). VEs are professionals who, through their training and experience, have "expertise and current knowledge of working conditions and physical demands of various jobs; knowledge of the existence and numbers of those jobs in the national economy; and involvement in or knowledge of placing adult workers with disabilities into jobs." *Biestek*, 139 S. Ct. at 1152; *Kilpatrick*, 35 F.4th at 1192.

The Social Security Administration ("SSA") contracts with VEs to provide "independen[t] and impartial" testimony about the physical requirements and prevalence of different jobs in the national economy. Soc. Sec. Admin., Vocational Expert Handbook, 5 (June 2020); *see also Biestek*, 139 S. Ct. at 1152; *Kilpatrick*, 35 F.4th at 1192. Due to their specialized knowledge, the SSA recognizes VEs as "reliable sources of occupational information in the evaluation of disability claims." SSR 00-4p, 65 Fed. Reg. 75760 (2000); *see also* 20 C.F.R. § 416.966(e) (authorizing VE testimony to assist in step five determinations). In accordance with Social Security Act regulations, *see* 20 C.F.R. §§ 416.960(b)(2), 416.966(e), an ALJ is entitled to rely on a VE's

15

testimony to support a finding that the claimant can perform occupations that exist in significant numbers in the national economy. *See Ford v. Saul*, 950 F.3d 1141, 1160 (9th Cir. 2019); *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).

Plaintiff submits that the ALJ ignored the cumulative effect of Plaintiff's impairments on her ability to meet the physical and mental demands of work. Docket No. 21 at 4. Specifically, Plaintiff submits that her condition imposes significant limitations such as unpredictable symptoms, chronic fatigue, and shortness of breath that severely limit her ability to sustain work activities over an eight-hour workday or 40-hour workweek. Docket No. 21 at 3.

The ALJ, after hearing the VE's testimony, found that the position of "hospital admitting clerk" constituted PRW because Plaintiff performed the position within the last 15 years, performed the position for a sufficient length of time to learn how to do the job and reach an average performance level, and performed the position for earnings at a level that constitutes substantial gainful activity. A.R. 28. Further, the ALJ compared Plaintiff's RFC with the physical and mental demands of this work and found that Plaintiff can perform it as actually and general performed. *Id*. The ALJ also found the VE's testimony to be consistent with SSR 00-4p, as the position of "hospital admitting clerk" does not require the performance of any activities precluded by Plaintiff's RFC. *Id*.

During the hearing, the ALJ questioned the VE about Plaintiff's alleged limitations and her ability to do her past work. A.R. 47-48. Plaintiff's attorney also questioned the VE about the necessity of breaks and accommodations and their impact on the ability to do work. *Id*. at 48-49. Plaintiff provides no basis for the Court to conclude that the ALJ and VE did not consider her alleged limitations on her ability to do work. Instead, Plaintiff alleges that her need for frequent rest breaks, difficulty with exertion, and regular medical care renders her an unreliable candidate for employment. Docket No. 21 at 4. Such bald assertions do not meet Plaintiff's burden.

Further, the ALJ also noted that, while Plaintiff alleged she cannot work due to a lifelong heart condition, she revealed that she was no longer working because of unemployment due to COVID layoffs. A.R. 25; *see also* A.R. 1110. The ability to work may be considered in assessing symptom claims. *See Bray v. Comm'r Social Security Admin.*, 554 F.3d 1219, 1227 (9th Cir.

2009). Working with an impairment supports a conclusion that the impairment is not disabling. *Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992); *Bray*, 554 F.3d at 1227 (seeking work despite impairment supports inference that impairment is not disabling). An ALJ may consider that a claimant stopped working for reasons unrelated to the allegedly disabling condition in making a credibility determination. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). Here, the ALJ reasonably considered Plaintiff's work history in evaluating her claim.

## IV.  CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's motions to reverse and remand. Docket Nos. 20, 21. The decision below is **AFFIRMED**. The Clerk's Office is **INSTRUCTED** to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

Dated: February 26, 2025

Nancy J. Koppe
United States Magistrate Judge